### Abel Hill v. Amos Snyder.

*Damages for collision on highway.*

In an action for damages from defendant's careless driving it is not admissible on cross-examination of the plaintiff to ask him as to his own habits of running horses on the highway, or of being intoxicated while driving, if it is not pretended that he was indulging either of the habits at the time of the injury.

Error to Clinton. Submitted June 23. Decided Oct. 6.

TRESPASS ON THE CASE. Plaintiff brings error. Reversed.

*A. Stout* for plaintiff in error.

*A. Cook* for defendant in error. Where a drunken or reckless driver sues for an injury caused by a collision resulting from his own driving, the negligence of the other party is immaterial: Whart. Neg. § 332; *Butterfield v. Forrester* 11 East 60; *Clayards v. Dethick* 12 Q. B. 446.

MARSTON, C. J. Hill sued defendant in trespass to recover damages for injuries sustained caused by defendant's careless driving upon a public highway. The plaintiff was called as a witness in his own behalf, and upon cross-examination he was asked if he was not in the habit of running horses in driving on the highway up to the day of the accident; and whether he was not in the habit of using intoxicating liquors to excess whenever he came to the village, and frequently drove out of town while under the influence of liquor. These questions were objected to, and the objection was sustained by the justice, and we have no 'doubt but that the ruling was correct. It was not pretended that at the time of the injury plaintiff was either running horses or intoxicated. His previous habits, therefore, in these respects, would afford no excuse or justification to the defendant; rather should he have been more careful because thereof, if known to him.

The judgment of the circuit court must be reversed and that of the justice affirmed, with costs of both courts.

The other Justices concurred.